IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott N. Johnson,                              )<br>                                                )<br>              Plaintiff,                       )<br>                                                )<br>        v.                                     )<br>                                                )<br>Hundal Foods, Inc.,                             )<br>Individually and d/b/a Carl's                   )<br>Jr.; Irene E. Vermeulen,                        )<br>                                                )<br>              Defendants.                      )<br>_____                 ) | 2:11-cv-03335-GEB-DAD<br><br>ORDER RE: SETTLEMENT AND<br>DISPOSITION |

Plaintiff filed a "Notice of Settlement" on January 17, 2012, in which he states, "the parties have settled this action[, and d]ispositional documents will be filed within (20) calendar days." (ECF No. 7.)

Therefore, a dispositional document shall be filed no later than February 6, 2012. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

Further, the Status Conference scheduled to commence at 9:00 a.m. on March 26, 2012, will remain on calendar in the event no dispositional document is filed, or if this action is not otherwise

1  dismissed.[1]  A joint status report shall be filed fourteen (14) days
2  prior to the Status Conference.
3        IT IS SO ORDERED.
4  Dated:  January 17, 2012

                    _____
                    GARLAND E. BURRELL, JR.
                    United States District Judge

---

[1]  The Status Conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).